## FABE BROOKS V. THE STATE.

### No. 1863. Decided November 9, 1898.

**1. Theft—Name of Owner—Continuance.**

On a trial for theft of a yearling alleged to be the property of one Bryant, where defendant's application for a continuance for witnesses to prove that the owner's name was Bryan and not Bryant, was overruled, Held, no error is shown, it appearing from the evidence adduced on the trial that he was generally known as Bryant, though his name was Bryan, the court having also properly instructed the jury as to this matter.

**2. Continuance.**

An application for continuance, to be sufficient, must state facts, and not be couched in general terms. To allege that it is expected to prove by the absent witnesses that one P. was seen by them in possession of the alleged stolen animal "the day before said sale" is too general, since the place and attendant circumstances are not stated. nor does this statement exclude the idea that defendant was with P. on that day before the witnesses saw P.

**3. Same.**

An application for continuance to prove facts which are not inconsistent with the guilt of defendant will be held to have been properly overruled.

**4. Evidence—Harmless Error.**

The admission of testimony which has no relevancy or pertinency to any issue in the case, if it could have had no possible injurious bearing upon the defendant, is not such error as requires a reversal of the judgment.

**5. Recent Possession—Charge.**

On a trial for theft of cattle, a request to the court to instruct the jury with regard to recent possession unexplained was properly refused where it appeared that the State did not rely alone upon recent posssession, but that there were other facts and circumstances throwing light upon the transaction in connection with which the court gave a charge upon circumstantial evidence.

APPEAL from the District Court of Montague. Tried below before Hon. D. E. BARRETT.

Appeal from a conviction of theft of one head of cattle, the property of one J. W. Bryant; penalty, two years imprisonment in the penitentiary.

It is not necessary to state the facts proved on the trial.

No briefs on file for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of the theft of a yearling alleged to be the property of J. W. Bryant, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

When the case was called for trial appellant presented an application for a continuance on account of the absence of B. W. Brooks, R. L. Brooks, and Joe Clark. He expected to prove by all of said witnesses that the real name of the alleged owner was "Bryan," and not "Bryant," and that he was commonly known among his acquaintances as Bryan, and gave his name to the people as Bryan. The evidence on the trial showed that he was generally known as Bryant, though his name was Bryan. The court properly instructed the jury with reference to this matter, and we see no error in refusing a continuance on this ground.

He also expected to prove "by each of said witnesses that Joe Price was in possession of the alleged stolen animal the day before said sale, and was claiming to own the same, and that at said time this defendant was not with said Joe Price, and had nothing to do with said animal." These statements are too general. There is not a single fact stated, except that it was the "day before said sale." Where it was or the attendant circumstances are not stated; nor is the idea excluded that defendant may have been with said Joe Price before it is claimed these parties saw Price. Price was jointly indicted with the defendant for the theft, and defendant and Price were together when defendant sold the animal to Salmon, ten miles from the point of the theft. This statement is too general. See Miller v. State, 31 Texas Crim. Rep., 609; Miller v. State, 32 Texas Crim. Rep., 319.

It is further stated in said application that defendant expected to prove by Clark that "on the morning said animal was sold to Salmon he [defendant] met Joe Price, and that at the time said Joe Price was driving said animal by himself in the direction of and near to Will Salmon's ranch, and that then and there, in conversation with this defendant, said Joe Price said he bought said animal, that she was his, and that he needed some money, and was taking the animal to Salmon's ranch to sell to Salmon, and asked defendant to go along with him and help him down there." The same observations may be made in regard to this as the former statements in the application. Defendant's presence at the time and place is not stated, nor does it allege that Joe Clark was present at the time. In this connection, the testimony on the trial shows that defendant and Price brought the animal to Salmon's, ten miles from where it was stolen, and that the defendant sold the animal to Salmon. Price, so far as the record is concerned, remained silent; the defendant acting as the owner of the animal, and receiving pay for the same. We do not believe there was any error in overruling the application for a continuance. It might also be stated that the facts may have occurred as stated in the application, and yet defendant have been guilty of the theft along with Joe Price. The theories are not inconsistent.

On the trial the State asked the witness D. A. Price what relation B. W. Brooks and R. L. Brooks were to the defendant, and as to their whereabouts; and also asked the witness where he last saw Joe Clark, and as to his then whereabouts. Appellant objected to this, "because it was irrelevant and not pertinent to any issue." These are all the grounds stated in the bill of exceptions. The witness answered that B. W. Brooks was the father, and R. L. Brooks the wife, of the defendant, and that B. W. Brooks did live in Montague County, but he did not know his whereabouts at that time, but understood he was in Palo Pinto County; that he saw Joe Clark at his (witness') residence on the Sunday previous to the time of trial, and he said he was working for a man in Fannin County. While the relevancy of this testimony is not apparent, nor its pertinency to any issue in the case, still we fail to see what bearing it could have had injuriously to the appellant. It seems to have been thrown in without reference to any issue before the jury. As presented, we do not believe there was such error as requires a reversal of the judgment.

Appellant requested the court to charge the jury that the recent possession of stolen property, unexplained, is not sufficient to warrant a conviction, unless the defendant was at the time he was found in possession in some way called upon to explain such possession, or unless his right to the property had been challenged. This was refused, and we think properly. While it is possible that such a case might arise as stated in the charge, it would be a rare one, indeed. As we understand this record, the State did not rely upon the bare possession of the stolen property. There were other facts and circumstances which tended to throw light upon the transaction, and the court in this connection gave a charge upon circumstantial evidence.

We believe the testimony is sufficient to support the judgment, and it is therefore affirmed.

*Affirmed.*

Hurt, Presiding Judge, absent.